GUY BROWN v. THE STATE.

1—On a charge of theft of a horse, the only evidence against the accused was that the horse was traced to his possession, and that he said he had bought him at a stated place. Three witnesses for the defense testified in support of the statement made by the accused. *Held,* that the conviction must be set aside.

2—The indisposition of this court to disturb verdicts will not be carried so far as to suffer a conviction to stand when the evidence against the accused is consistent with his entire innocence, and with his exculpatory statements, and when there was credible evidence corroborating his exculpatory statements.

APPEAL from Gonzales. Tried below before the Hon. Wesley Ogden.

The appellant was indicted for the theft of a gray stallion, the property of F. F. Woods.

At the trial, Woods was the only witness for the State. He proved that the horse was taken from his possession without his consent, in June, 1868 ; that hearing the accused had him, he went to see him about it ; that the accused acknowledged to having had the stallion, but said he had bought him from two white men, at the Pecan Mott, in the Lavaca prairie.

This witness also proved that the accused produced a bill of sale, but that it described a different animal from the stallion in question. In explanation of which, the accused said that he had first bought from the men a different horse, but afterwards got the stallion in his place, and the men told him the bill of sale would answer as it was.

The accused was a freedman, and it may be inferred from the evidence that he could not read.

Three freedmen, witnesses for the defense, testified to the purchase of the horse by the accused from " a Dutchman, or Irishman, and a white man," in the month of June, 1868. The only noticeable discrepancy between their testimony and the statement of the accused, as given by Woods, was that the alleged purchase, according to these witnesses, was made at Elm Slough, some four miles from Gonzales.

The appellant was convicted and sentenced to five years' hard labor in the penitentiary. A new trial being refused, he appealed.

*Miller & Sayers*, for the appellant.

*E. B. Turner*, Attorney General, for the State.

WALKER, J.—The candid admission of the attorney general, who refused to defend the rulings of the court in this case, has not prevented us from examining the record, and though we think there is good reason for setting aside the judgment of the court below for error in law, other than that of our ruling, the motion for new trial and the demurrer to the evidence, we feel it proper that we confine our remarks to matter appearing upon the statement of facts accompanying the record. We have, in at least one case at the present term of this court,

Opinion of the Court.

refused to disturb a verdict and judgment in the District Court, where the members of this court were unanimous in the belief that the court erred in refusing a new trial, because the verdict was found upon evidence of too doubtful and uncertain a character to be allowed to prejudice human liberty in a free country; and we did this rather than establish what we feared might be a bad precedent. But so strong was our conviction that gross injustice had been done, that we promptly united with the attorney general in a petition for executive clemency in behalf of the party whom we believe to have been injured. Our disposition not to disturb the verdicts of juries, nor to exercise the discretion which should be exercised by the District Court, can carry us no further.

In this case there was *no evidence* on which to predicate a conviction. One witness, the prosecutor, swears to a state of facts in no way inconsistent with the innocence of the appellant, whose own statement is proven by this witness for the State, and is in every way consistent with his innocence. Three witnesses are introduced by the appellant, all of whom testify to a state of facts going to establish his innocence beyond a doubt. The whole story is reasonable, candid, and, to all appearance, truthful, and the witnesses show no want of intelligence upon the stand.

A learned judge once said to a jury who had rendered an egregiously wrong verdict: "Mr. Clerk, that verdict is set aside. I want the people of Pennsylvania distinctly to understand that it takes thirteen men in this State to steal a man's farm." We think the learned judge should have said to the jury that tried Guy Brown, "I want you, gentlemen, to understand that in the State of Texas it shall take thirteen men to steal a man's liberty."

The judgment of the District Court is set aside and the cause dismissed; and if the appellant is in custody he will be released, and the clerk of this court will notify the officer having him in custody of this order.

Reversed and dismissed.