Delivered January 27, 1891.

---

### E. HOBBS ET AL. v. BEN CAMPBELL ET AL.

#### No. 2992.

1. **Disqualification of District Judge.**—That an attorney was of counsel for a defendant in a criminal case does not of itself disqualify the attorney as judge from trying a case arising from the forfeiture by the accused of his bail bond for the offense.

2. **Employment of Attorney.**—It not appearing that the attorney was ever spoken to by the accused about the bond, or that he ever spoke to the accused about it, nor any testimony showing that any consultation among lawyers and participated in by the at-

torney was held at the instance of the accused, the mere fact that the attorney in conversation with other attorneys expressed an opinion upon the validity of the bail bond would not disqualify the attorney, afterwards elected district judge, from trying the case made by the forfeiture of the bond.

APPEAL from Leon.   Tried below before Hon. T. T. Gammage, Special District Judge

The opinion contains a statement.

*J. J. Dotson* and *Frost & Etheredge,* for appellants.— 1. An attorney who has been consulted professionally and who advises as to the matter in dispute, would thereafter be disqualified from sitting as a judge in the case, even though he had charged no fee for his advice. Const. 1876, art. 5, sec. 11; Slaven v. Wheeler, 58 Texas, 23; Rev. Stats., art. 1090; Newcome v. Light, 58 Texas, 141.

2.   A statutory or constitutional disqualification cannot be removed by consent, and the judgment is by such disqualification rendered absolutely void.   Newcome v. Light, 58 Texas, 141; Chambers v. Hodges, 23 Texas, 112.

*Ben Campbell,* for appellees.— 1. The judge should pass upon his own disqualification, and the exercise of his discretion in the matter will not be disturbed except for manifest error and injustice. Slaven v. Wheeler, 58 Texas, 23; Childress v. Grim, 57 Texas, 56; Glasscock v. Hughes, 55 Texas, 461; McFaddin v. Preston, 54 Texas, 403; Haverty v. The State, 32 Texas, 602.

2.   There never existed the disqualification in this case complained of by appellants.

HENRY, ASSOCIATE JUSTICE.—Appellants, against whom a judgment had been rendered in the District Court of Leon County in favor of the State of Texas upon a bail bond upon which they were bound as the sureties of one Thomas for his appearance in said court to answer an indictment for murder, brought this suit against the district attorney of the judicial district in which said county is situated, the county attorney for said county, and the clerk of said District Court, to enjoin them and their successors in office from enforcing said judgment, and praying that the same be set aside and held for naught.

The cause was tried without a jury and judgment was rendered in favor of the defendants.

The plaintiff's cause of action, as alleged and proved, is stated in their brief substantially as follows:

Judge Kittrell, who presided in the District Court when the judgment sought to be enjoined was rendered, was one of the attorneys of the said Thomas in the cause against him for murder.   After Thomas had exe-

cuted said bail bond certain interlineations therein were discovered by attorney Kittrell, who called the attention of other attorneys who were associated with him in the cause thereto, and thereupon a consultation was had by them with reference to the validity of said bond, and it resulted in their concluding that the interlineations and alterations avoided the bond.

There was no evidence that attorney Kittrell was ever spoken to by Thomas with regard to the bond, or that he ever spoke to Thomas about it; nor is there any that the one referred to or any other consultation about the bond was held at the instance or request of Thomas. We can see no more in what occurred, when the evidence is considered in its most favorable aspect for plaintiffs, than a voluntary conversation or discussion between attorneys on the subject of the effect of the alteration of the bail bond. We can not see why it should have had any greater effect in the way of disqualifying them from subsequently acting as judges in the bail bond case than it would have had upon any other attorneys at law who, without being connected with the murder case, had joined them in their discussion of the bond. Had the attorneys at the solicitation of their client examined or given an opinion on the question of the validity of the bond for any reason or purpose it would have been different. The murder case and the subsequent case upon the bail bond were distinct and separate causes. Being counsel in the murder case did not by itself make the attorney counsel in the bail bond case any more than subsequently being counsel in the bond case would, without his having had any actual connection with it otherwise, have made the attorney in the bond case counsel in the murder case.

The disqualifying clause in the Constitution reads as follows: "No judge shall sit in any cause where he shall have been counsel in the case."

It was held in this court in the case of Haverty v. The State, 32 Texas, 606, that having been of counsel in the criminal case did not disqualify the attorney from subsequently presiding as judge upon a trial of the bail bond case.

This court decided in the case of Slaven v. Wheeler, 58 Texas, 23, that the relation of client and attorney may exist so as to disqualify the attorney from subsequently acting as judge before any suit has been brought, and that " If as an attorney he should advise as to a matter in dispute, the judge would be thereafter disqualified from sitting in the case when it had ripened into a suit, even though he had charged no fee for his advice, provided he was consulted professionally."

No question seems to have been made as to whether the necessary parties were before the court, and as this appeal can be disposed of on the merits so as to end the litigation, we express no opinion on that subject.

The judgment is affirmed.

*Affirmed.*

Delivered January 27, 1891.