## L. T. Forrester v. The State.

### No. 7488. Decided March 7, 1923.

### Rehearing denied June 27, 1923.

1.—Possessing Intoxicating Liquor—Sufficiency of the Evidence—Special Term.

Under the provisions of our statute, the District Judge is authorized to call a special term of his court and to impanel a grand jury as well as to proceed to trial and dispose of cases on his docket, and there is no error in overruling the motion to quash the indictment.

2.—Same—Continuance—Immaterial Testimony.

Where the facts attributed to the absent witness do not appear to be material, there was no error in overruling the motion for a continuance.

3.—Same—Ku Klux—Jury and Jury Law—Bill of Exceptions.

Where the bill of exceptions complaining of the remark of the district attorney when defendant's counsel inquired of the jury panel as to whether they belonged to the Ku Klux or other organization, was not approved by the court the same cannot be considered on appeal.

4.—Same—Bills of Exception—Question and Answer Form.

Bills of exception in question and answer form, and presenting a number of questions, making it entirely impossible to ascertain the particular ground of objection, cannot be considered on appeal; besides, this court cannot accept statement of matters known personally to the trial judge, and not transpiring during the trial.

5.—Same—Bills of Exception—Requested Charge—Discretion of Court.

The mere fact that a witness testifies, who has not observed the rule, and that he may have heard all or a part of the testimony of some other witness, would not be sufficient grounds for the rejection of the testimony of the witness, and in the absence of an abuse of discretion by the court there is no reversible error.

6.—Same—Rehearing—Continuance—Sufficiency of the Evidence.

Where there was no error in overruling the motion for a continuance and the evidence is sufficient to sustain the conviction, the verdict will not be disturbed.

Appeal from the District Court of Callahan. Tried below before the Honorable W. R. Ely.

Appeal from a conviction of possessing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. Lee Cearly,* and *Fred C. Pearce,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Callahan County of possessing intoxicating liquor for the purpose of sale, and his punishment fixed at one year in the penitentiary.

The evidence is amply sufficient to support the verdict. Under the provisions of our statute the district judge is authorized to call a special term of his court and to impanel a grand jury as well as to proceed to try and dispose of cases on his docket. Appellant's bill of exceptions No. 1 complains of the return of the indictment against him at a special term and by a grand jury then impaneled. There is a total lack of showing of any illegality of the calling of said special term, and the impaneling of said grand jury, and the return of said indictment.

Appellant has an application for continuance. The qualification of the trial court thereto shows that one of the absent witnesses named in said application for continuance, was present at the trial but was not used as a witness. The facts attributed to the other absent witness do not appear to us to be of such materiality as to have called for the granting of the application.

The bill of exceptions complaining of the remark made by the district attorney when appellant's counsel inquired of the jury panel as to whether they belonged to the Ku Klux or the Citizens League or other organizations, is not approved by the court. It appears from the qualification to this bill that the only thing that transpired was that the district attorney stated to the court in arguing his objection to the questions being asked by appellant's attorney, that he would not ask a juror on the trial of a Mason if the juror was a Mason, that he had too much respect for the order of Masonry to insult a man by asking such question. The pertinence of the remark of the district attorney is not apparent but presents no ground for reversal.

Appellant's bills of exception Nos. 4 and 5 are multifarious, being in question and answer form and presenting a number of questions asked and objections made, the court being entirely unable to ascertain the particular ground of objection insisted upon and presented here. We call attention to the fact that one of said bills of exception is qualified by the learned trial judge by a statement of matters known personally to him which transpired out of the courtroom and not during the progress of the trial. This court could not accept or act upon such qualifications. If the trial courts desire to incorporate matters of that kind in the record they must assume the attitude of witnesses and state them as such.

There is complaint of the refusal of a peremptory instruction asked on behalf of appellant, and also of the fact that after such refusal the State was permitted to introduce other testimony. The bill of exceptions complaining of this matter does not make apparent the fact that appellant had permitted any of his witnesses to leave the

courthouse, or that he was surprised by the introduction of such testimony, or that he was unable to meet and overcome it. The trial courts necessarily have large discretion in matters pertaining to the introduction of testimony. If appellant desired this court to sustain his objection to such proceeding, he should make it appear that he was injured thereby. The introduction of testimony at any time before the close of the argument is permissible under our practice. The same rule of discretion in the trial court applies to the testimony of a witness who was in the courtroom a part of the time another witness was testifying and whose testimony was allowed over the objection that the rule had been called for. The mere fact that a witness testifies who has·not observed the rule, and that he may have heard all or part of the testimony of some other witness, would not be sufficient ground for the rejection of the testimony of the witness. It is not made to appear that the testimony heard by said witness was in relation to the same matter about which he testified, or that there was any likelihood of his being influenced thereby, or that there was any intentional violation of the rule. Unless some of these things are made to appear this court could not appraise the value of such objection.

We have examined and considered each of the complaints made by appellant, and finding no error in any of them, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 27, 1923.

LATTIMORE, Judge.—Appellant reviews the testimony and presents as supporting that part of his motion for rehearing based on his claim that the testimony is not sufficient to support the judgment. We have again carefully examined the record. Appellant was tried on August 4, 1922. The charge against him was possessing spirituous liquors capable of producing intoxication on or about July 26th of said year. Corley swore that he was arrested on a certain Wednesday and that from the Sunday night preceding he had sold choc beer and whisky at a point a mile and a half or two miles from Cross Plains; that three or four days before his arrest he picked up appellant at a drink stand a mile and a half or two miles east of Cross Plains and the two went to Pioneer and back. During the trip appellant asked him if he had ever run a drink joint. When they got back they found a man named Wynn at a car near the drink stand. Appellant went over and talked to Wynn. Wynn called witness. The conversation had between them is not in evidence. Witness then proceeded to sell whisky and choc beer of which he found a quantity on hand at a place near said drink stand. On the Monday following ap-

pellant and Wynn were together at said place. Witness laid down the money he had taken in on a counter. On Tuesday night appellant was there and witness again turned over the money taken in, but says he does not remember to whom he gave same. Another witness swore that twenty or thirty days prior to this trial he built the little house which apparently is the one Corley refers to as the drink stand, for appellant. Appellant paid him for it. Another witness swore that a day or two before the arrest of Corley appellant told witness that he had a stand out east of Cross Plains, that the whisky was his but that he and Corley were partners in the choc. Other witnesses state that Corley sold whisky and beer at said place prior to his arrest. We have stated these facts to demonstrate the sufficiency of the testimony to show that appellant had in his possession the spirituous liquors found by the officers in the possession of Corley at the time of his arrest on the Wednesday referred to. Corley's testimony *indicates* that the stuff he took charge of was about one hundred and fifty feet from the little house or stand; that he did not take charge of what was inside. Appellant again insists that it was error to overrule his application for continuance to secure the testimony of one Blackburn. There was no effort made by appellant to show what had become of the subpœna issued by him for Blackburn, and numerous authorities might be cited holding that one asking for a continuance must show himself entitled to it by exact and definite averments. Nothing in the statement of facts in anywise refers to or mentions Blackburn. Corley, whose testimony was evidently given with reluctance, does not claim that while he was at the place selling the choc beer and whisky that he saw any man named Blackburn, or that any such person was ever present or attempted to exercise any control over the whisky and choc beer, or claimed any of the proceeds resulting from the sale thereof. In this condition of the record we do not think the learned trial judge erred in refusing the continuance.

Being unable to agree with appellant's contentions, the motion for rehearing will be overruled.

*Overruled.*