## MOSES SWIDAN V. STATE.

No. 25200. March 7, 1951.
Rehearing Denied April 25, 1951.

Hon. Fred Erisman, Judge Presiding.

*Oscar B. Jones,* Longview, for appellant.

*R. L. Whitehead,* Criminal District Attorney, *Paul Painter* and *David C. Moore,* Assistants Criminal District Attorney, Longview, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is murder with malice; the punishment, twenty-five years in the penitentiary.

At the inception of the trial appellant moved Judge Erisman to recuse himself in the cause, alleging that he had been counsel in the case. His refusal to do so is the only complaint raised on this appeal. The bill bringing this matter forward was qualified by the trial court, and such qualification was excepted to by

appellant. The court then prepared his own bill, and the appellant prepared his bystanders' bill.

The state urges this court not to consider the bystanders' bill because two of the affiants were witnesses in the cause, one of whom was also a surety on appellant's appearance bond.

Appellant, in turn, urges us not to consider the Court's Bill of Exception or his controverting affidavit because there is incorporated therein certain matters known to the judge and not presented as evidence at the hearing on the motion.

This state of the record requires this court to begin with a consideration of the bystanders' bill. Without passing on the question of the affiant's qualification to make the bill, we move on to its effect. The only purpose this bill could serve would be to bind this court to the proposition that the argument leading up to the fatal difficulty was over the same trouble about which Attorney Erisman's advice had been sought. Such a pronouncement could be nothing more than a conclusion of the affiant's based upon what they heard at the hearing on the motion. Surely, this court should not be bound by their conclusion when the record of the hearing on the motion is before us.

An examination of such record shows that in March 1949 the defendant went to Judge Erisman, then a practicing attorney, and asked his advice about signing an agreement relating to his then existing partnership with deceased. The agreement had been prepared by another attorney and provided in effect that if appellant should in the future take a drink of beer while engaged in the partnership business, that he would by such act forfeit his interest in the partnership. Attorney Erisman advised appellant against signing such an agreement and suggested that if appellant would bring in his partner, he would prepare a workable partnership agreement for them and further advised appellant to place a certain bill of sale on record. This was the extent of the legal advice given.

On May 2, 1950, appellant and his partner had a fight, and his partner was killed. This was the case on trial when the motion to recuse was filed.

Without a showing that the killing arose directly out of an argument over the subject matter of the advice received from Attorney Erisman, this court would not be inclined to hold Judge Erisman disqualified. We do not feel that such a show-

ing has been made. This case is not to be confused with those where the issues advised upon were the same as those before the trial court who was sought to be recused. Attorney Erisman gave advice on a contract and sat in trial on a murder some fourteen months later.

It may be noted that Judge Erisman, just as appellant, is bound by the evidence adduced on the hearing on the motion. If he had thought other matters should have been in the record, he should have testified to the same.

Finding no error, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that the bill of exception as prepared by the trial court should not be considered.

In disposing of this case originally, we did not do so upon the trial court's bill of exception but rather upon the matters shown in appellant's bill of exception as presented by the by-standers' bill of exception. In doing so, we reached the conclusion that the mere fact that a trial judge, while a practicing attorney, had advised the appellant and deceased relative to a partnership contract between them did not constitute a disqualification such as would preclude the attorney, after becoming a judge, to sit as the trial judge in the trial of a murder case when one of the parties to the contract was charged with killing the other and there was no showing in the case that the killing arose or resulted out of that contract or advice given. Ex Parte Largent, 144 Tex. Cr. R. 592, 162 S. W. 2d 419-426.

We note that in passing sentence upon the appellant the trial court failed to apply the provisions of the indeterminate sentence law (Art. 775, C. C. P.) Tucker v. State, 136 Tex. Cr. 586, 127 S. W. 2d 300. Accordingly the sentence is now reformed so as to fix appellant's punishment at not less than two nor more than twenty-five years' confinement in the penitentiary.

We remain convinced that, under the facts here presented, Judge Erisman was not disqualified to sit as the trial judge.

The motion for rehearing is overruled.

Opinion approved by the court.