## ALICE MILLIMAN V. STATE.

No. 25198. March 7, 1951.
Rehearing Denied May 9, 1951.

Hon. Ned Price, Judge Presiding.

*John D. Glass*, Tyler, for appellant.

*George P. Blackburn*, State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

Appellant plead guilty to a charge by complaint and information with the sale of intoxicating liquor to W. E. Russell in a dry area. A jury fixed her punishment at a fine of $500.00 and sixty days in jail.

On the following day defendant filed her motion for a new trial signed by her attorney, the Honorable John D. Glass, who prosecutes this appeal for her. This was followed by an amended motion for new trial which attacks at great length the procedure had and by this motion she contended that at the time she

entered the plea of guilty she was incapable of conducting her defense because she was physically incapacitated, due to illness and severe pain which she was suffering; that she was persuaded and induced to enter a plea of guilty and did so in ignorance of her rights; that she was put in fear of serious bodily harm to herself and her husband by reason of information previously conveyed to her of threats made against her and her husband by certain law enforcement officers; that she was not represented at her trial on the 25th day of August, although she had previously retained an attorney to do so. This attorney it is disclosed by the record, withdrew from the case by so announcing to her and the court on the 21st day of August. The court then passed the case to August 25th to give her and her husband time to secure another attorney. She did not secure one until the day following her plea of guilty. It is further stated in the motion that at the time she entered her plea of guilty there were eleven cases pending against her in each of which she stood charged with a separate offense for violation of the liquor law. Each of these cases had been pending since June 22, 1950, except three which were filed February 13th, April 13th and June 23rd.

A lengthy statement follows, in said motion, in which it is revealed that she plead guilty in eight additional cases. In seven of these she was given a fine of $100.00 and in the eighth a fine of $400.00, making a total in fines of $1600.00.

All of the foregoing allegations in her motion were apparently filed for the purpose of raising the issue and supporting her claim that she did not realize what she was doing and that she was incapable of conducting her defense without the services of an attorney, which she had not been able to secure. The motion for new trial further complains of the introduction of evidence of other sales than that for which she was being tried. No objection was taken to this evidence and no bill of exception is found in the record. We would not be able, under the law, to give consideration to the complaint based on the matters detailed. ·

Summarizing the things alleged, it was contended that the sentence and judgment of the court in the instant case constitutes and is an unauthorized, cruel and inhuman punishment of such nature and degree as should be set aside and a new trial granted to her.

While the record contains no statement of facts on the trial of the case it does have a lengthy statement of facts introduced

on appellant's motion for a new trial. This was before the court without a jury. It is his responsibility to pass on the same and, having done so, this court has no right to disturb his findings on the facts. We think, further that even if they had been found in favor of her contentions it may not support a claim for reversal by this court.

The trial judge is not called upon to furnish counsel for one charged with a misdemeanor. In the case now before us he extended to appellant every courtesy when he reset the case from August 21st to the 25th in order to give her an opportunity to employ counsel to represent her, after her first attorney had withdrawn from the case.

We have read with much interest the able argument presented in her behalf by counsel now representing her. We are confronted with the situation, however, that this is a court of law and not of equity. We have no power at any time to correct the errors made by a jury. The defendant in the court room is the only person who is charged with a knowledge of all the law and the jurors have the exclusive right to a claim for infallibility. The lawyers on either side make mistakes of law and, because of them, it sometimes becomes the duty of this court to reverse the case. If the court makes a mistake in his ruling it is our special province to reverse the case and send it back for a new trial by writing an opinion which will give guidance and direction for the trial of the case, as well as for all future cases involving the same or like questions. If the fine is imposed by the court without a jury or if it be based on a jury verdict the result is the same. The penalties inflicted in the instant case are in accordance with law and we have no right to say that they are unreasonable or that they are unwarranted. The relief which she seeks can come only from the executive branch of our state government.

Finding no reversible error, the judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

MORRISON, Judge.

Appellant has presented this court a forceful motion for rehearing, urging us to reverse the action of the trial court in refusing to grant her a new trial. We are asked to do this on the grounds that appellant was without counsel, was influenced

to plead guilty by threats of officers, and was in ill health on the day her pleas were received.

At the outset we would like to observe that in all the cases which have come to our attention in which this court granted the relief herein prayed for, it was made to appear that either the appellant was not guilty of the offense charged or the punishment assessed was grossly excessive.

With this principle in mind, we approach the solution of this case. Nothing in the record raises any question in our minds as to appellant's guilt of the nine liquor law offenses against her, heard in Judge Price's court on August 25, 1950. We then move to the question of whether the punishment was excessive. We are offered no criterion with which we may measure the particular judgment in any of these cases. Based upon judgments in liquor law violations from this court and other courts throughout the state, we cannot say that this was excessive.

Out of deference to counsel's able efforts, we go further, however, and discuss the particular grounds urged. We first decide whether appellant exercised due diligence in securing the services of an attorney. In order that the business of our courts may move forward in an orderly fashion, we must demand that each defendant exert the maximum of effort in this respect. Appellant would not accept the advice given her by Mr. Flock, her first attorney, and he withdrew from the cases with the court's permission.

Appellant, acting through her husband who advised her throughout the entire transaction, was sent to another attorney and did, in fact, employ him. The only reason he did not represent her was that she did not pay his fee. This being a misdemeanor case, we have no authority to go further into the matter.

We next come to the question of threats allegedly made by officers which are claimed to have induced her to plead guilty. We are asked to believe that an officer, standing within three feet of the judge, threatened to kill appellant and her husband if appellant feigned sickness any further, that appellant's husband to whom the threat was allegedly made remained silent when he could have appealed to the court for aid and was thereby influenced into causing appellant to plead guilty some four days later and after he had conferred with another attorney.

Evidently the able trial judge did not believe that this had occurred.

On the question of illness on the day the guilty pleas were entered, appellant herself nowhere claims that she made known to the court such a fact and, having remained silent at that time, thereby led the court to believe her to be in full possession of her faculties. It will also be noted that the court heard conflicting evidence as to appellant's health and decided that issue of fact against her. We perceive no abuse of his discretion.

We agree with appellant that the trial court had no authority to qualify her bills of exception with matters from his own personal knowledge and not occurring during the course of the trial, he not having offered himself as a witness on the hearing. Moses Swidan v. State, No. 25,200, (Page 29 of this volume). We have not considered the same in our deliberations.

We feel that our original disposition of this matter was correct. Appellant's motion for rehearing is overruled.