**Jimmy McCALL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 48724 and 48725.**

Court of Criminal Appeals of Texas.

July 24, 1974.

Daniel R. Rutherford, San Antonio, for appellant.

Ted Butler, Dist. Atty., Dick Ryman and Douglas C. Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant, upon his pleas of guilty, was convicted of fraudulent use of a credit card and theft, and punishment was assessed at two and five years respectively.

A statement of the facts in these cases is not necessary, for, although appellant challenges the sufficiency of the evidence in several grounds of error in each cause, the record reflects a guilty plea, a written consent to stipulation of testimony, with stipulations, and appellant's judicial confession in each cause. The judicial confessions alone are sufficient to support the respective convictions. See e. g., Adam v. State, Tex.Cr.App., 490 S.W.2d 189.

In our cause no. 48,725, the theft case, appellant contends he was illegally arrested. He makes no complaint, however, of any search or seizure resulting therefrom, any evidence having been obtained thereby, or of any action by the trial court in the proceedings in this cause relating thereto. Accordingly, nothing is presented for review.

Finally, in each cause appellant raises claims of newly discovered evidence and ineffective assistance of counsel. In support of these claims appellant refers to what he calls a "hearing on The Bill

of Exceptions." The record contains the transcribed testimony of a hearing held September 24, 1973. We find no authority for any such hearing and accordingly the record of said hearing will not be considered. The purpose of a bill of exception is to have the record disclose some event or occurrence at the trial or other proceedings which reflects error, Articles 40.09, subd. 6(a); 36.20, Vernon's Ann.C.C.P., and not to make assertions regarding "matters from [one's] own personal knowledge and not occurring during the course of the trial," Milliman v. State, 156 Tex.Cr.R. 88, 238 S.W.2d 970, 973. Appellant has sought to present to this Court, by the unauthorized means of a "hearing" on a bill of exception, matters beyond the scope authorized for a bill of exception. The hearing not being authorized by law, it will not be considered. Appellant's grounds of error predicated on said hearing, not being supported by the record, are overruled.

Finding no reversible error, the judgments are affirmed.