Luis Martinez CANTU, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–90–00124–CR.

Court of Appeals of Texas,
San Antonio.

Dec. 12, 1990.

Anthony B. Cantrell, San Antonio, for appellant.

Fred G. Rodriguez, Nelson Atwell, Edward Shaughnessy, III, Criminal Dist. Attys., San Antonio, for appellee.

Before REEVES, PEEPLES and BIERY, JJ.

## OPINION

PEEPLES, Justice.

Appellant seeks a new trial because the trial judge who took his guilty plea and sentenced him had represented him previously on an unrelated offense. Appellant first raised this issue in his motion for new trial. We affirm the judgment.

On January 29, 1990, appellant pleaded guilty to the offense of escape, which occurred while he was in custody for possession of cocaine. At the same hearing he also pleaded true to two prior felony convictions (aggravated robbery and unauthorized use of a vehicle) alleged for enhancement. The court admonished him that the two enhancement counts gave him the status of habitual offender, which made the range of punishment 25 years to 99 years or life. Appellant was also sentenced pursuant to plea bargain agreements in three

separate cases, the sentences to run concurrently with a federal sentence involving the escape. In the escape case involved in this appeal, the trial court sentenced appellant to life imprisonment.

■ In point one appellant contends that because he and the trial judge once had an attorney-client relationship in a different case, the judge presumably was aware of privileged information about him and should have recused herself.[1] We are not authorized to consider this point. "Where a plea of guilty is voluntarily and understandingly made, all nonjurisdictional defects including claimed deprivation of federal due process are waived." *Helms v. State,* 484 S.W.2d 925, 927 (Tex.Crim.App. 1972); *accord, Christal v. State,* 692 S.W.2d 656, 658–59 (Tex.Crim.App.1985) (on motion for rehearing); *Galitz v. State,* 617 S.W.2d 949, 952 (Tex.Crim.App.1981). Appellant's plea of guilty in the present case was not pursuant to any plea bargain agreement, *see* TEX.R.APP.P. 40(b)(1), and there is no assertion that the plea was not voluntarily and understandingly made. Any error in the failure of the judge to recuse herself, not being a jurisdictional defect, has been waived.

■ In point two appellant urges that the trial court was constitutionally disqualified to hear the case because of her prior attorney-client relationship with him. We have jurisdiction to consider this issue because a claim that a trial judge was constitutionally disqualified may be raised at any time. *See Gamez v. State,* 737 S.W.2d 315, 318 (Tex.Crim.App.1987). It is true that if a trial judge has *actively participated* as a prosecutor or defense attorney *in the very case on trial,* she cannot thereafter sit as judge in the case. *Id.* at 319. But here Judge MacRae had never represented the state or the defendant in the case on trial, which involved the offense of escape. She is alleged simply to have represented appellant on a previous unrelated matter, which involved murder.

---

1. As we understand appellant's two points of error, the first deals with *recusal* and the second with constitutional *disqualification.*

Most of the disqualification cases have involved former prosecutors who later became trial judges. *See, e.g., Gamez v. State,* 737 S.W.2d 318–19, and authorities cited. But the cases have consistently held that judges who previously represented the defendant are not disqualified, provided that the prior representation involved a different event and not the one on trial. *See, e.g., Hathorne v. State,* 459 S.W.2d 826, 829 & n. 3 (Tex.Crim.App.1970), *cert. denied,* 402 U.S. 914, 91 S.Ct. 1398, 28 L.Ed.2d 657 (1971); *Ex parte Stubblefield,* 412 S.W.2d 63, 64 (Tex.Crim.App.1967) (on rehearing). *See also Swidan v. State,* 156 Tex.Crim. 29, 238 S.W.2d 537, 538–39 (1951) (trial judge who had advised defendant on earlier civil matter not disqualified to try criminal case in absence of "showing that the killing arose directly out of an argument over the subject matter of the advice received"); *Hobbs v. Campbell,* 79 Tex. 360, 15 S.W. 282 (1891) (judge who had represented defendant in criminal case is not disqualified from presiding at trial of civil bail bond forfeiture case involving same defendant in underlying criminal action). Appellant's reliance on *Woody v. State,* 69 S.W. 155 (Tex.Crim.App.1902), is misplaced because there the criminal case involved "practically the same controversy about which the county judge gave counsel, advice, and legal assistance to appellant." *Id.* at 156.

Appellant argues that such cases were decided incorrectly and that the law of disqualification should be more stringent when the judge is his *former defense attorney,* who may remember confidential information that is prejudicial to him. In such cases, he says, the attorney-client privilege is at stake, which is not true when the judge is a *former prosecutor.* We consider the law settled by the cited cases, but in any event, we are not convinced that there should be a hard-and-fast rule of automatic disqualification whenever attorney-client privilege is asserted. The attorney-client privilege must be "claimed," TEX.R.CRIM.EVID. 503(c), and it is waived when the holder does not make a timely objection. *See* TEX.R.APP.P. 52(a) (to preserve appellate complaint, party must make timely and specific objection or other request); TEX.R.CRIM.EVID. 103 (litigant must object to preserve error concerning admission of evidence). Even constitutional rights may be waived by failure to object. *See Little v. State,* 758 S.W.2d 551, 563 (Tex.Crim.App.), *cert. denied,* 488 U.S. 934, 109 S.Ct. 328, 102 L.Ed.2d 346 (1988); *Galitz v. State,* 617 S.W.2d 949, 952 (Tex. Crim.App.1981) (federal due process). To hold otherwise would allow a defendant to take his chances on a light sentence from his former attorney, knowing full well that if he considers the sentence too severe he can later obtain a new trial by alleging that the judge was disqualified.

Appellant has not shown reversible error. The judgment is affirmed.