Opinion filed September 6, 2007 

















 
 
  
 
 







 
 
  
 
 




Opinion filed September 6, 2007 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00004-CV 

                                                    __________

 

                                   CAMILLA HETHCOAT, Appellant

                                                             V.

                                     ESTES
DALE STRAIN, Appellee

 



 

                                          On
Appeal from the 29th District Court

                                                       Palo
 Pinto County, Texas

                                                  Trial
Court Cause No. C41752

 



 

                                              M
E M O R A N D U M   O P I N I O N

This
appeal arises out of the admission of Alice W. McCarley=s 2005 will to probate.  We affirm.

                                                                    Background








On
September 26, 2006, Estes Dale Strain filed in the Palo Pinto County Court an application to
probate McCarley=s will dated February 10, 2005.  On October 11, 2006, the county court signed
its order admitting the 2005 will to probate and issuing letters testamentary
to Strain as independent executor of the estate.  On November 2, 2006, the county court signed
an order approving the inventory, appraisement, and list of claims filed by
Strain.  On November 6, 2006, Camilla
Hethcoat filed in the county court an application to probate McCarley=s holographic will dated August 14, 1987; a
motion to transfer the proceedings to district court; and a motion for new
trial requesting that the county court revoke the letters testamentary.  The county court transferred the proceedings
to the district court on November 9, 2006. 
On December 21, 2006, the judge of the district court signed an order
denying Hethcoat=s motion for new trial.  Hethcoat perfected this appeal.

                                                                 Issues
on Appeal

Hethcoat
raises two points challenging the district court=s
decision to overrule her motion for new trial. 
First, Hethcoat argues that the order admitting the 2005 will to probate
is void because the county judge had been appointed as attorney ad litem for
McCarley in a 2000 guardianship proceeding. 
Therefore, Hethcoat argues that the county judge was disqualified under
the Texas Constitution.  In her second
point, Hethcoat argues that the trial court erred in denying her motion for new
trial under Craddock v. Sunshine Bus Lines, 133 S.W.2d 124 (Tex. 1939), and Hughes
v. Jones, 543 S.W.2d 885 (Tex. Civ. App.CEl
Paso 1976, no writ). 

                                                             Disqualification
Issue

Tex. Const. art. V, ' 11 provides in part that A[n]o judge shall sit in any case wherein
the judge may be interested, or where either of the parties may be connected
with the judge, either by affinity or consanguinity, within such a degree as
may be prescribed by law, or when the judge shall have been counsel in the
case@ (emphasis added).  Disqualification on constitutional grounds
can be raised at any time, and any order that involves discretion and is
entered by a constitutionally disqualified judge is Aabsolutely void@ and is a Anullity.@  Buckholts
Indep. School Dist. v. Glaser, 632 S.W.2d 146, 148 (Tex.
1982); In re Orsagh, 151 S.W.3d 263, 265 (Tex. App.CEastland 2004, orig. proceeding); In re
Gonzalez, 115 S.W.3d 36, 39 (Tex.
App.CSan Antonio 2003, orig. proceeding).

It was
undisputed in the district court that the county judge represented McCarley as
her attorney ad litem in the prior guardianship proceedings.  It was further undisputed that the
proceedings involved an emergency petition for the protection of McCarley
brought by the State and that the proceedings were resolved when the trial
court dissolved the temporary orders.








For a
judge to be constitutionally disqualified as having Abeen counsel in the case,@ the issues and parties currently before
the judge must involve the same issues and parties as the prior case in which
the judge served in some capacity as counsel. 
City of Austin v. Cahill, 89 S.W. 552 (Tex.
1905); Slaven v. Wheeler, 58 Tex. 23,
25 (Tex.
1882); Lade v. Keller, 615 S.W.2d 916, 920 (Tex. Civ. App.CTyler 1981, no writ).  As Hethcoat correctly points out, the judge
will be constitutionally disqualified if the judge gave advice Aas to a matter in dispute@ and that matter later ripens into the
lawsuit before him as a judge.  Hobbs
v. Campbell, 15 S.W. 282  (Tex. 1891); Slaven, 58 Tex. at 25; Zarate v. Sun Operating Ltd.,
Inc., 40 S.W.3d 617, 623 (Tex. App.C San Antonio 2001, pet. denied); Williams
v. Kirven, 532 S.W.2d 159, 161 (Tex. Civ. App.CAustin 1976, writ ref=d n.r.e.).

The
parties in this proceeding are not the same parties that were involved in the
matter in dispute in which the county judge served as attorney ad litem for
McCarley.  The parties in the emergency
guardianship proceeding were McCarley and the State.  The parties in the present suit are Hethcoat
and Strain.  The district court correctly
found that the county judge was not constitutionally disqualified.  Hobbs,
15 S.W. 282; Zarate, 40 S.W.3d at 623. 
The first point is overruled.

                                            Denial
of Hethcoat=s Motion for New Trial

Hethcoat
argues in her second point that the district court abused its discretion when
it denied her motion new trial.  At the
hearing, Hethcoat argued that a new trial was appropriate because she was
unaware that McCarley had died and that as soon as she became aware she
contacted her attorneys.  Hethcoat
alleged that the letters testamentary were issued before she had opportunity to
file an application to have McCarley=s 1987 holographic will admitted to
probate.  In essence, both in her motion
for new trial and on appeal, Hethcoat is arguing that the order admitting the
2005 will is a default judgment as to her claims and that under Craddock
she is entitled to a new trial to present the 1987 will for probate.  We disagree.

The
record does not support her contentions that the trial court abused its
discretion in denying her motion for new trial challenging the admission of the
2005 will to probate and the issuance of the letters testamentary.  The second point is overruled.[1]

The
order of the district court is affirmed.

 

TERRY
McCALL

September 6, 2007                                                                   JUSTICE

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.











[1]This ruling does not affect Hethcoat=s ability to contest the admission of McCarley=s 2005 will to probate under Tex. Prob. Code Ann. ' 93
(Vernon 2003).