### MARY M. CHILDRESS ET AL. v. C. GRIM.

#### (Case No. 3192.)

1. DISQUALIFICATION OF JUDGE.— Much should be left to the discretion of the judge in determining his own disqualification to try a cause; and his decision on that question will only be reversed for manifest error. See statement and opinion for facts on which the supreme court declined to revise his action.

2. LIMITATION.— When limitation is pleaded, any disability of the party at whos> expense it is sought to be made operative should be pleaded by him, in order that it may be established by evidence.

3. CHARGE OF COURT.— See case for an erroneous charge on the limitation of three and five years, held to be manifest error.

ERROR from Guadalupe. Tried below before J. F. Miller, Esq., special judge.

Suit filed October 17, 1874, by plaintiffs in error, Mary M. Childress, joined by her husband, James Childress, and Elenora Herndon, joined by her husband, J. C. Herndon, to recover of defendant in error a half interest in a tract of one hundred acres of land in Guadalupe county, and for partition.

December 10, 1874, defendant answered by a general denial, plea of the statute of limitations of three years, and further pleaded *res adjudicata.*

Plaintiffs were the children of Emily C. and Joseph M. Brown, both deceased, and claimed one-half of the land as the heirs of their mother. Joseph M. and Emily C. Brown left other children, as follows: James D. Brown, who died unmarried; Clara C. Brown, who married W. T. Hall, and died in 1867, leaving one child, viz., Clara C. Hall, a minor; and Emma C. Brown, who afterwards married W. T. Hall, and died, leaving two children, both minors, Oscar and Walter Hall. These minors were made parties to this suit. July 6, 1875, plaintiffs amended, alleging a mistake in their former pleadings, and claimed the whole of the land as the heirs of their mother, and alleging that it was her separate property, and excepting to defendant's pleas of limitation and *res adjudicata.*

July 19, 1875, defendant renewed his pleas of limitation and *res adjudicata.*

July 23, 1875, defendant further answered that the land in dispute was paid for by the sale of a negro, the property of Joseph M. Brown, under whom defendant claimed; that this negro, with a number of others, was conveyed in 1845 by the father and mother of Joseph M. Brown to Emily C. Brown, the mother of plaintiffs and wife of Joseph M.; and their defense was that these negroes,   ·

though conveyed to Emily C., were really intended for Joseph M.; that Emily C. held them in trust for him, and that after her death he had a right to exchange the negro for the land in dispute, which he did, as is admitted in the record. The judgment which was thus pleaded in bar was rendered in the district court of Guadalupe county in 1860, in a suit brought by J. C. Herndon *et al.* (plaintiffs in this suit) against Joseph M. Brown (under whom defendant claims by mesne conveyances), for the negroes and this tract of land. From the papers which were introduced in that cause and were introduced in this cause by agreement of counsel, it appears that Joseph M. Brown, in the former suit, claimed the property as his separate property, under the conveyance of 1845. The judgment was in his favor, and defendant pleads that judgment in bar of plaintiffs in this suit. But in that suit plaintiffs before the trial dismissed as to the land here sued for.

The presiding judge declined to sit in this case because he had been of counsel for a part of the plaintiffs in the former suit; and to this action plaintiffs excepted, and the parties chose a special judge. It was admitted that the title to the land was perfect down to A. Swift, who conveyed it to Emily C. Brown, and that the consideration paid to Swift by her was one of the negroes conveyed to her by James W. and Margaret Brown, the parents of Joseph M. By agreement, defendant was permitted to introduce the depositions of Margaret Brown, the mother, and of Wm. M. Brown, a brother of Joseph M. Brown, to show what was the real purpose of the conveyance of the negroes to Emily C. Brown; defendant contending that the conveyance was to her in trust for Joseph M.

The cause was tried before a jury December 10, 1875, and verdict and judgment were for defendant. The depositions above referred to were taken and read in the former suit.

*John Ireland*, for plaintiffs in error.

*W. E. Goodrich*, for defendant in error.

DELANEY, J. COM. APP.— The charge of the court is too long to be copied into this opinion. It presents to the jury every phase of the case as it appears in the pleading and evidence. The assignments of error, nine in number, relate mainly to the charge of the court, and point out very clearly several parts of it which appellants regard as erroneous. The first assignment, however, relates to the action of the presiding judge in declining to sit in the case. We

do not think this assignment well taken. The judge had been of counsel for some of these plaintiffs (or for parties whose interest some of these plaintiffs now claim) in a former suit, so nearly allied to the present one, that the defendant in this suit had pleaded the judgment in the former in bar of the prosecution of the present suit. The parties to the two suits are practically the same; for the plaintiffs in this suit must be considered as representing the rights of their co-plaintiffs in the former suit, who have died since it was determined; and the defendant must be regarded as standing in the place of Joseph M. Brown, the defendant in the former suit. And as to the causes of action in the two cases, the only circumstance which prevents them from being absolutely the same is, that plaintiffs in the former suit dismissed as to this piece of property, and urged their contest about the remainder, which was claimed on the one side and held on the other by precisely the same right. So far as the decision of the judge is concerned, in holding himself disqualified, we think something at least should be left to his discretion, and that the supreme court would not be inclined to revise his action unless there was manifest error. Yet we do not think that the plea of former judgment should have been received as a bar to this suit.

The court or the jury in the first case might very well construe the deed from the parents to Emily C. Brown, explained as it was by the parol evidence, as vesting the title in Joseph M. Brown, the defendant, as his separate property; and hence the judgment for him in that case. Yet had the additional evidence which was adduced in this case been brought before the former court or jury, namely, that Joseph M. Brown had directed or permitted a part of that property or its proceeds to be conveyed to his wife, it is not at all inconceivable that they might have construed his action as evincing an intention to make this property the separate property of his wife. The law, in fact, would so presume from the act itself, unless the presumption was rebutted by direct evidence, or by the circumstances attending the act.

The theory of plaintiffs in error was, that the land was the separate property of the wife; that of the defendant in error, that it was the separate property of the husband. The court, we think, explained correctly to the jury the law applicable to both these views, and left them to decide upon the facts. The judge has here further instructed them, that, if they found that the property was community property, they should find a verdict for the plaintiffs for one-half. Counsel for plaintiffs in error insists that there was no evidence to justify this part of the charge. But if we admit that it

was error, it was not an error of which he can complain. If there were nothing more we should be inclined to affirm the judgment. But we think there was error in the charge upon the statute of limitations, and although not assigned, we think the error material; and as we cannot feel certain that it did not influence the finding of the jury, our opinion is that it must cause a reversal of the judgment. The court gave the charge applicable to the period of five years, though it was manifest that that period could not have elapsed between the 30th of March, 1870, and the date of the filing of the suit. The court also gave the charge applicable to the limitation of three years. It will be recollected that the court had given instructions to the jury applicable to three different theories of the case, namely, that the land might be the separate property of the wife, the separate property of the husband, or community. Now it is manifest that if the land was either the separate property of the wife, or community property, the statute of three years could not apply, because in either of these cases the deed of the surviving husband could not constitute color of title. See Veramendi v. Hutchins, 48 Tex., 531, and cases cited. It will be observed that there is in the pleadings no replication to the plea of the statute of limitations.

The correct practice, in cases where the defendant pleads the statute, would seem to be for the plaintiff to set up in reply any disability which may take his case out of its operation. Otherwise he will not be permitted to prove the disability because it has not been alleged. In such case the defendant has only to prove the truth of his plea and his defense is complete. See Hughes v. Lane, 25 Tex., 356.

For the error in the charge, we think the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered May 1, 1882.]