ELIZABETH SLAVEN v. JUBE WHEELER ET AL.

(Case No. 453.)

1. DISQUALIFICATION OF JUDGE.— The constitutional provision disqualifying one from sitting as a judge in a "case" where he shall have been of counsel, does not limit his disqualification to a case pending at the time his services as counsel were invoked.

2. SAME.— If an attorney has been consulted as such, and has given advice as to a matter in dispute, which afterwards results in a suit between the parties at variance, he cannot sit as a judge in that case, even though he charged no fee for his advice.

3. SAME — PRACTICE.— An issue as to the disqualification of a judge to sit as such in a cause pending in his court, should be tried and determined by him, and the facts in evidence on the issue should be incorporated in the record on appeal.

4. SAME — EVIDENCE.— The statements of the judge on the trial of such an issue should be made under oath, unless the same be waived by the parties litigant.

5. SAME — BILL OF EXCEPTIONS — On appeal from the judgment of the court, on an issue involving the disqualification of the judge, his statement appended to a bill of exceptions, relating to facts occurring before the institution of the suit, cannot be regarded.

6. SAME — FACT CASE.— See statement of case and opinion for facts held sufficient to reverse the judgment of a district judge who had held that he was not disqualified from trying a cause.

APPEAL from Grayson. Tried below before the Hon. Joseph Bledsoe.

Appellant brought this suit against appellees February 15, 1881, to recover the land described in the petition, claiming the same as her homestead, which had been sold and conveyed by her husband without her knowledge or consent, and making her husband a party defendant.

Wheeler answered by general and special exceptions, plea of not guilty, statute of limitations and stale demand, and also suggested improvements made in good faith.

December 23, 1881, the cause was tried by the court without a jury, and a judgment was rendered against the appellant. Upon the trial an objection was made to the presiding judge, on the ground that he had been of counsel in the case, and evidence was introduced by the parties upon that issue. The judge found, and so ruled, that he was not disqualified; to this ruling appellant excepted, and assigned that ruling as error.

*Finley & Pasco*, for appellant.

*Hare & Head*, for appellee.— The mere fact that a party to a suit had, years before, spoken to the judge, as an attorney, about

. the facts in his case, would not disqualify the judge; but to do this he would have had to have been regularly employed as an attorney in the particular case. R. S., art. 1090; Taylor *v.* Williams, 26 Tex., 586; Davis *v.* The State, 44 Tex., 523.

WATTS, J. COM. APP.— In our opinion this appeal should be disposed of upon the issue of the disqualification of the judge who presided in the court below, without any reference to the merits of the case.

The plaintiff testified that she had, some ten years before the trial, consulted Judge Bledsoe, who was then a practicing attorney and a member of the firm of Hare & Bledsoe, upon the questions involved in this case, and that he had then advised her with reference to the matter, but that she did not make any agreement with them as to the fee.

Charles Slaven, the son of the plaintiff, testified that he was about twenty-four years old; that ten or twelve years previously, he came to Sherman with the plaintiff to see an attorney about bringing suit for her homestead; that they went to the office of Hare & Bledsoe, on the south side of the square, but that he was small and did not remember what was said.

J. B. Slaven, one of the defendants, and the husband of the plaintiff, testified that during his absence, about eleven years before the trial, the plaintiff and her son came to Sherman to see an attorney about bringing suit against Wheeler for her homestead; that a short time thereafter he and the plaintiff came to Sherman to see Hare & Bledsoe in regard to the matter, and that he stated the case fully to Judge Bledsoe, who advised them what to do, and that the plaintiff would then have a good case, and that the agreement was that she was to give them one-half the land to recover it.

Wheeler, one of the defendants, testified that about eleven years prior to the trial he heard that plaintiff was claiming the land, and that she then told him that she had been to see attorneys about bringing the suit, but did not name the attorneys.

Silas Hare testified that he was a member of the firm of Hare & Bledsoe; that he could not state anything about being consulted by Slaven or Mrs. Slaven in regard to the matters involved in this suit. But since hearing the testimony, he seemed to have a faint or indistinct recollection of hearing something about the matter, or being consulted in the case, but it was like a dream.

Judge Bledsoe then made a statement, which does not seem to have been made under oath, to the effect that he had no recollection

of ever having been spoken to about this suit or any of the matters referred to by the plaintiff or her husband. Plaintiff then objected to Judge Bledsoe's sitting in the case, which was overruled, and the plaintiff excepted. There is copied into the record a statement by the judge, which perhaps may have been intended as an explanation of the exceptions taken by plaintiff. That statement is as follows:

"As to the statement on the part of Mr. Slaven that I had ever agreed to bring a suit for his wife, or had made a contract to do so, for half of the land, I know to be false, and that no such conversation was ever had.

(Signed)                          "JOSEPH BLEDSOE,
                                      "District Judge."

Among the disqualifications prescribed by our constitution is that no judge shall sit in any case where he shall have been of counsel. In the application of that provision some doubt arises out of the true signification to be assigned to the word "case." Is it true that, to work a disqualification under that provision of our organic law, the judge must have been of counsel in a cause pending in court at the time of his professional connection with it? For it must be admitted that the usual legal signification of the word is a contested question before a court of justice. Bouvier's Law Dictionary, word "Case."

Assigning it that meaning in practice would result in this: that without regard to what connection the judge might have had as counsel with the *mota*, or cause, or subject matter of the suit, so that he had not been thus connected with it after suit brought, he would be qualified to sit as judge in the case. The object of that provision was to secure to litigants an impartial judge, one who had not previously formed an opinion or reached a conclusion in regard to the subject matter of that particular case; and additional force should be given to that construction when the advice given and conclusion formed is between the identical parties who are afterwards litigants.

Light may be deduced from the analogous doctrine of privileged communications between attorney and client. The doctrine is well established, that where there is a dispute, and one of the parties consults an attorney on the subject matter of that dispute, such communications as are made in that consultation are privileged, and the courts will not permit them to be divulged without the client's consent. 1 Greenl. Ev. (13th ed.), secs. 237, 239.

A dispute exists when there are conflicting claims made to the same property, which, unless abandoned by the one or the other of the parties, or compromised, will result in litigation. And the priv-

ilege is not affected by the fact that the client offered no fee, and the legal adviser did not make, or expect to make, any charge for his advice. March v. Ludlum, 3 Sandf. Ch. (N. Y.), 45–50.

Where the relation of attorney and client once existed as to communications then made, that relation continues forever as to such communications. Flack's Adm'r v. Neill, 26 Tex., 273.

Generally such communications are made by a client to his attorney for the purpose of obtaining professional advice or assistance, whether it relates to a suit pending or contemplated or any other matter proper for such advice. Yates v. Olmsted, 56 N. Y., 632; Britton v. Lorenz, 45 N. Y., 51; Bigler v. Reyher, 43 Ind., 112.

This entire doctrine proceeds upon, in fact exists only when, the relation of attorney and client is shown. But, as has been seen, that relation may exist with respect to a matter not in suit, and even though no fee was paid or charged for the advice.

So it appears to us that if, as an attorney, he should advise as to a matter in dispute, the judge would thereafter be disqualified from sitting in the case, when it had ripened into a suit, even though he had charged no fee for his advice, provided he was consulted professionally. For he has then been of counsel in reference to the matter in dispute, and the reasons for his disqualification to sit in the case will never cease. H. & T. C. R'y Co. v. Ryan, 44 Tex., 430.

This conclusion is not at variance with Taylor v. Williams, 26 Tex., 583. There it was held that the presiding judge, having been of counsel in other cases involving the same title to real estate as that involved in the cause pending before him, did not constitute a disqualification disabling him from presiding in the cause. That decision is correct, for the judge had not been professionally connected as counsel with the parties to the suit and the subject matter of the dispute then before him for determination.

An issue as to the disqualification of the judge may be made, and when made is to be determined by the judge upon the evidence adduced before him by the parties; and when his decision in that respect is brought up for review, the evidence upon which the decision was made should be incorporated into the statement of facts for the inspection of the revising court. The mere statement of the judge as to his previous professional connection with the matter in dispute, not made under the sanctions of an oath, as a witness, ought not to be considered as evidence unless that requisite had been waived by the parties.

Taking the written statement made by the judge as explanatory of the exceptions taken to his ruling, it does not occur to us that it

ought to be considered as evidence of the facts declared. Where the judge appends to a bill of exceptions a statement of the facts occurring at the time of the ruling, and explanatory thereof, ordinarily such statements are given great weight. But where the statement relates to facts occurring long before the trial, even before suit brought, we think that the statement could not be considered as evidence supporting the finding.

Excluding from consideration these statements of the judge, the remaining evidence, without any real conflict, is to the effect that the judge had been of counsel in the subject matter of, and between the parties to this litigation. After a careful review of the record, even though these statements be considered as evidence, still there is nothing disclosed in the statement of facts disproving the positive testimony of the witnesses, to the effect that the judge had been professionally consulted by one of the parties in regard to the subject matter, and had given advice concerning the same; and admitting that no fee for his services had been paid or charged, still that, as has been seen, is not necessary to create the relation of attorney and client.

The conclusion reached is that the finding of the judge upon that issue is against the evidence; and as this is a question jurisdictional in its character, and resulting in the disqualification of the judge who presided at the trial, the whole proceeding is *coram non judice* and void. And this being true, that it would be unjust to the parties to express any view in respect to the subject matter of the litigation.

Our report is that the judgment ought to be reversed and the cause remanded.

                                        REVERSED AND REMANDED.

[Opinion approved October 16, 1882.]