### J. S. JOHNSON v. THE STATE.

*No. 7345.    Decided May 27.*

**Jurisdiction — Disqualification of Judge.** — Defendant being prosecuted in the County Court for an aggravated assault pleaded specially that the judge of said court was disqualified to try the cause, for the reason that said judge as an attorney had prosecuted him before a justice of the peace for a simple assault arising out of the same transaction and based upon the same facts. On motion of the county attorney the plea was stricken out. *Held*, error; because the allegations of the plea, if true, disqualified the county judge, and the defendant was entitled to prove the truth of the same.

APPEAL from the County Court of Nolan. Tried below before Hon. J. F. Eidson, County Judge.

The opinion states the case.

*Cowan & Fisher*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—We adopt the following from the brief of the Assistant Attorney-General's confession of error in this case as presenting the facts and the law upon which the case should be decided:

"Appellant was convicted of aggravated assault. He interposed among other defenses a want of jurisdiction of the court to try the case upon the ground that the trial judge was disqualified to sit in and try the case in this, that defendant had been formerly convicted of a simple assault arising out of the same transaction, and based upon the same state of facts, before a justice of the peace in Nolan County, wherein the trial judge in this case was a private prosecuting attorney, and prosecuted defendant. That afterward by the grand jury the defendant was indicted upon the same state of facts for the offense of aggravated assault, and said indictment was by the District Court of Nolan County transferred to the County Court of said county, and the legal effect of defendant's plea was to have the same remanded to the District Court on account of the disqualification of the trial judge in the

County Court. The defendant's plea was on motion of the prosecuting attorney stricken out, and the defendant denied the right to prove the truth of the allegations therein contained; to all of which the defendant duly excepted, which exception is incorporated in the record herein. The allegations of said plea are sufficient, if true, to disqualify the county judge in this case, and defendant was entitled to prove the truth of the same." Constitution, art. 5, sec. 11; Code Crim. Proc., art. 569; Thompson v. The State, 9 Texas Ct. App., 649; Willson's Crim. Stats., sec. 2189; Code Crim. Proc., art. 573; Slavin v. Wheeler, 58 Texas, 23.

On account of the action of the court below in striking out said plea and refusing to hear proof of the truth of the same, this cause is reversed and remanded for further proceedings in the court below in accordance with this opinion.

*Reversed and remanded.*

Judges all present and concurring.