Thelma Brockers WILLIAMS et al., Appellants,

v.

Lamar L. KIRVEN, Appellee.

No. 12296.

Court of Civil Appeals of Texas, Austin.

Jan. 14, 1976.

Rehearing Denied Feb. 4, 1976.

John H. Akin, Pearce, Smith & Akin, Austin, for appellants.

Polk Shelton, II, Shelton & Shelton, Austin, for appellee.

O'QUINN, Justice.

Appellants brought this suit in district court of Bastrop County asserting their title to one-fourth interest in a tract of 100 acres of land and for partition of the land among the owners. Appellee as defendant below claimed title to the land under a deed

from Ethelene Jones and others executed in March of 1970.[1]

A separate phase of this cause was before this Court in 1974 on application for mandamus to require the trial court and its officers to sustain appellants' affidavit of inability to pay costs of appeal and to supply transcript and statement of facts. *Williams v. Maynard,* 515 S.W.2d 9 (Tex.Civ.App. Austin 1974, writ dism'd).

Trial began before a jury but the case was withdrawn from the jury and heard by the district judge, who subsequently entered judgment for defendant on November 13, 1972. Appellants appealed and bring twenty points of error.

Under their first point appellants challenge authority of the presiding judge to try the cause on the ground that the judge as a practicing attorney had served as counsel in the cause. We will sustain the point of error and reverse the judgment of the trial court.

It is undisputed that Ethelene Jones, one of the grantors in the deed under which defendant claims title to the disputed tract of land, consulted C. B. Maynard in 1966, then a practicing attorney, and obtained from him a written title opinion which dealt with the identical tract in dispute. Subsequently Ethelene Jones, joined by three other persons claiming an interest in the land, purported to convey the entire tract to Kirven, defendant below, by deed containing a general warranty. This suit, brought to challenge the title purportedly conveyed by Ethelene Jones and others, was tried before C. B. Maynard as district judge who held that Kirven's title was valid as against the claim of appellants.

When called upon to answer interrogatories in this cause, Kirven under oath asserted that he was "not personally acquainted with any of the facts or issues involved" in the suit, and had "called upon his immediate warrantors in title to defend this action upon their warranty." Thereafter Ethelene Jones was called by Kirven as a witness and she testified in his behalf in the trial of this case.

The rule governing disqualification of a judge is stated in the Constitution: "No judge shall sit in any case wherein he may be interested . . . or when he shall have been counsel in the case." Constitution of Texas (1876), Art. V, sec. 11.

The Supreme Court, in considering the disqualification of a judge who as an attorney had advised "as to a matter in dispute," concluded that "the judge would thereafter be disqualified from sitting in the case, when it had ripened into a suit." *Slaven v. Wheeler,* 58 Tex. 23, 26 (1882). To this the Court added, "For he has then been of counsel in reference to the matter in dispute, and the reasons for his disqualification to sit in the case will never cease."

The record in this case shows that the trial judge, by his own statement, did not recall writing the title opinion on the property involved in the lawsuit and was "not aware of the fact until after the cause had been tried," when it was called to his attention. The title opinion in the record shows "C. B. Maynard" to have been the author, and the judge stated that he did not know whether he "wrote it or somebody else in my office did."

The title opinion was addressed to Ethelene Jones, and in the opening paragraph the writer of the opinion stated, "We have examined [abstract of title to 100 acres] . . . for the purpose of determining the advisability of filing a partition suit . . . ." The opinion fails to specify the owners of the land and observes that ". . . the title to the entire 100 acres . . . is

1. Appellants who were plaintiffs below are Thelma Brockers Williams, John Brockers, Jr., and William Brockers. Defendant below, the appellee, is Lamar L. Kirven. Grantors in the deed under which Kirven claims title were Ethelene Jones, Leo Jones, Eugene Allen, and Ethel Ruby Canady. The disputed land is known as the "Brockers Tract." Trial was before the 21st District Court of Bastrop County, Honorable C. B. Maynard, Judge Presiding.

in hopeless confusion," and specified steps required before suit for partition should be brought.

Sometime after Ethelene Jones obtained the title opinion from C. B. Maynard, she and others conveyed the land to Kirven, against whom appellants brought suit and who has called upon Ethelene Jones and the other grantors to defend their warranty. If the title under the deed from Ethelene Jones and others to Kirven should fail, Ethelene Jones and the other grantors become subject to liability as warrantors of title. Ethelene Jones was the sole witness in behalf of Kirven on trial of the title below.

The interests of Ethelene Jones and of Kirven are so allied as to warrant the conclusion that the defendant in this case stands in the place of Ethelene Jones for whom C. B. Maynard was counsel. *Childress v. Grim,* 57 Tex. 56, 58 (1882).

■ Although the unquestioned integrity of the judge who presided on the trial of this suit precludes belief he was intentionally biased in his judgment by reason of having been counsel on title to the tract in dispute, nevertheless "upon high grounds of public policy, he must be held so expressly disqualified as to render the judgment" in this case a nullity. *Newcome v. Light,* 58 Tex. 141, 148 (1882); *Slaven v. Wheeler, supra.* See also *Lee v. Heuman,* 10 Tex.Civ. App. 666, 32 S.W. 93 (Galveston 1895, no writ).

■ The rule in *Slaven v. Wheeler, supra,* that if as an attorney the trial judge gave advice "as to the matter in dispute," thereafter, as a judge, he will be disqualified to sit in the same matter which has ripened into suit, was recognized and restated by the Supreme Court in *Hobbs v. Campbell,* 79 Tex. 360, 15 S.W. 282 (1891). It is sufficient as to the advice given that the judge as an attorney "was consulted professionally," even though no fee was charged for the advice.

The judgment of the trial court is reversed, and the cause is remanded to district court for new trial.

Reversed and remanded.