TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR RECUSAL









NO. 03-05-00585-CR

NO. 03-05-00586-CR






Ex parte James W. Ellis






NO. 03-05-00589-CR

NO. 03-05-00590-CR

NO. 03-05-00591-CR

NO. 03-05-00592-CR

NO. 03-05-00593-CR

NO. 03-05-00594-CR

NO. 03-05-00595-CR

NO. 03-05-00596-CR

NO. 03-05-00597-CR

NO. 03-05-00598-CR

NO. 03-05-00599-CR

NO. 03-05-00600-CR

NO. 03-05-00601-CR

NO. 03-05-00602-CR

NO. 03-05-00603-CR





Ex parte John Dominick Colyandro







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT

NOS. D-1-DC-2005-904122, 9040564, 9040570, 9040571, 9040572, 9040573, 9040574,

9040575, 9040576, 9040577, 9040565, 9040566, 9040567, 9040568, 9040569,

9040598 & D1DC-05-904121

HONORABLE BOB PERKINS, JUDGE PRESIDING




D I S S E N T I N G O P I N I O N



 Litigants have a right to a fair and impartial judiciary. The State of Texas, as the
steward of the judicial system, has the obligation to create such a forum, to promote public
confidence in the courts, and to safeguard the courts from even the appearance of impartiality or
corruption, including political bias or favoritism. As life and liberty are at issue in a criminal
proceeding, a judge's impartiality--and the parties' perception of that impartiality--is of critical
importance to the parties and society. Indeed, impartiality and the perception of impartiality are a
defining feature of the judicial role. Because recusal serves to safeguard that role, I dissent to the
Court's denial of the motion for recusal.

 The facts are these:



 These accelerated appeals were filed in this Court over three years ago in
September 2005.

 The parties filed their briefs and the causes were originally submitted to the
Court to be decided on the briefs, without oral argument, in January 2006.

 Cause Nos. 03-05-00585-CR and 03-05-00586-CR (the "Ellis" appeals) were
submitted to the panel consisting of Justices B. A. Smith, Patterson and
Puryear. The remaining causes (the "Colyandro" appeals) were submitted to
the panel consisting of Chief Justice Law, Justices Pemberton and Waldrop.

 Six months later, these submissions were cancelled without consultation or
explanation, and all of the causes were reset for a specially scheduled end-of-summer oral argument on August 22, 2006, before the panel consisting of
Chief Justice Law, Justices Pemberton and Waldrop.

 The Court's notice instructed the parties as follows:



 You are hereby notified that this Court has determined that the above
referenced causes should be orally argued. Submission on briefs has
this date been canceled and the causes are reset for submission and
oral argument on Tuesday, August 22, 2006 at 9:00 AM, before
Chief Justice Law, Justices Pemberton and Waldrop.



 Although these cases were originally assigned to different panels, no
explanation was given for the reassignment of the Ellis appeals from the
Smith, Patterson, Puryear panel to the Law, Pemberton, Waldrop panel. (1)

 Two years later, the Court issued its opinion in these accelerated appeals,
written by Justice Waldrop.

 On rehearing, the State filed a motion to recuse Justice Waldrop, and on
September 25, 2008, Justice Waldrop advised the other justices that he
declined to recuse himself. (2)



 The rules of appellate procedure provide that "the challenged judge or justice must
either remove himself from all participation in the case, or certify the matter to the entire court,
which will decide the motion by a majority of the remaining judges sitting en banc." Tex. R. App.
P. 16.3(b). For the first time, on December 19, 2008, Justice Waldrop circulated to the justices of
this Court the required Rule 16.3(b) certification.

 I asked the clerk of this Court on more than one occasion--in writing with notice to
the other justices--to request a response to the State's motion. The three-judge majority has opposed
the request for a response and, to date, a response has not been requested or otherwise submitted.

 Without a response, the facts alleged in the State's motion are uncontroverted. The
State asserts that, while in private practice before accepting his appointment as a justice on this
Court, Justice Waldrop served as counsel for the group Texans for Lawsuit Reform (TLR) and filed
several pleadings in the civil cause of action related to these criminal proceedings now before us. 
The plaintiffs in the civil proceedings served TLR with a deposition by written questions and a
subpoena duces tecum seeking documents and records reflecting TLR's communications with
Texans for a Republican Majority Political Action Committee (TRMPAC) and its representatives,
including the defendants in these appeals John Colyandro and Jim Ellis. In April 2004, as
TLR's counsel, Justice Waldrop signed and filed pleadings on behalf of TLR objecting to the
plaintiffs' requests, insisting that TLR had no information related to the plaintiffs' allegations, and
referring to the plaintiffs' case as a "politically motivated lawsuit." In later pleadings, Justice
Waldrop argued that plaintiffs and their counsel were "attempting to use the discovery process in this
lawsuit to harass a political opponent," and he declared that TLR "would resist any attempts by
plaintiffs to harass political opponents." All of the pleadings referenced in the State's motion were
signed by Justice Waldrop as counsel for TLR. The State asserts--and it is uncontroverted--that
the issues in the civil case centered around the same conduct now before us in the
instant criminal proceedings and that Justice Waldrop filed pleadings "denigrating the case as
'politically motivated.'"

 The rules of appellate procedure require a party to file a motion to recuse an appellate
justice or judge "promptly after the party has reason to believe that the justice or judge should not
participate in deciding the case." Tex. R. App. P. 16.3(a). The State asserts that it has complied with
the rule to promptly file a motion to recuse because it "just discovered in the last few weeks" the
grounds it now urges as the basis for Justice Waldrop's recusal. Although the State admits that it
has known of Justice Waldrop's representation of TLR, the State seeks to recuse Justice Waldrop
only from further participation in these appeals on a going forward basis. The State urges that it had
no reason to question Justice Waldrop's impartiality until the Court's opinion in these proceedings
was released and it then discovered the pleadings signed by Justice Waldrop that are the subject
of this motion.

 The language of our rules is clear and straightforward: the grounds for recusal of an
appellate justice or judge are the same as those provided in the rules of civil procedure. Tex. R. App.
P. 16.2. Texas Rule of Civil Procedure 18b provides that "[a] judge shall recuse himself in any
proceeding in which . . . his impartiality might reasonably be questioned." Tex. R. Civ. P. 18b(2)(a). 
This language is mandatory, and the standard is objective, not subjective. Id. It calls upon the
judge--in the first instance--to assess his impartiality. A reasonable doubt is resolved in
favor of recusal.

 As a supreme court justice who recused himself explained in Rogers v. Bradley,
909 S.W.2d 872, 873 (Tex. 2004) (Gammage, J.) (declaration of recusal), the problem is one of
perception. When considering a motion to recuse, we should ask "whether a reasonable member of
the public at large, knowing all of the facts in the public domain concerning the judge's conduct,
would have a reasonable doubt that the judge is actually impartial." See id. at 881 (Enoch, J.,
concurring). Applying this standard of reasonableness, based on this record, I conclude that
Justice Waldrop should recuse himself from further participation in these appeals.

 Justice Waldrop's conduct as a private litigator in the related civil proceedings is
sufficient to cast a reasonable doubt as to his impartiality in these appeals. As a private attorney,
Justice Waldrop represented a group that was aligned with and had similar interests with the
defendants. (3) From the pleadings before us, it appears that his client was the subject of discovery
requests in the related civil lawsuit. Justice Waldrop's representation was not unrelated to the
proceedings now before us as it occurred in the civil proceedings arising out of the same conduct at
issue in these appeals--namely, the alleged money laundering by a political action committee for
the purpose of influencing Texas elections. It is Justice Waldrop's role as an advocate in those
related proceedings--as well as the statements made in the pleadings--that call into question his
impartiality in these appeals. (4)

 By its motion, the State challenges the fundamental legitimacy of the adjudication. 
While the timing of the State's motion is troubling because it was made only after a decision was
rendered, the rules contemplate that the motion must be raised "promptly after the party has reason
to believe that the justice or judge should not participate in deciding the case." In light of the panel
reassignments and the inordinate delays in this Court's handling of these accelerated appeals, and
in the absence of a response controverting the State's allegations, I can only conclude that the State
has complied with the rule's requirement to raise its motion promptly. 

 Moreover, in the absence of any disclosure by a judge of his involvement in related
litigation--either at the time the parties submit their case to a panel of judges or at any time to his
colleagues to allow them to properly assess any impartiality or appearance of impartiality--it would
not be appropriate to place this burden upon the parties. Indeed, disclosure at the outset would
ensure the transparency necessary for the parties to assess any bias and then move for disqualification
or recusal or to waive any objection. (5) Without disclosure of any kind, the burden of tracking down
information falls to the litigants. It is unrealistic and surely undesirable for a litigant who is notified
of the identity of three members of an appellate panel to whom a case is submitted to then investigate
any possible ground for disqualification or recusal. In this case, given the relationship between the
parties, surely disclosure of pertinent information would have resolved the dilemma before us now
in some manner--either by resolution in a timely fashion that would have saved the parties time and
money, or by waiver. Although such disclosure is not mandatory, the ABA Model Code of
Judicial Conduct provides that a judge should disclose on the record information that the judge
believes the parties or their lawyers might consider relevant to the question of disqualification, even
if the judge believes there is no real basis for disqualification. A judge's obligation not to hear or
decide matters in which there is a reasonable doubt concerning his impartiality applies regardless of
whether a motion for recusal has been filed.

 One of the hallmarks of our judicial system is judicial integrity. Judicial decisions
rendered in the face of uncontroverted allegations of bias, prejudice, or favoritism, undermine the
integrity of the courts and thwart the very principles on which our judicial system is based. Sun
Exploration & Prod. Co. v. Jackson, 783 S.W.2d 202, 206 (Tex. 1989) (Spears, J., concurring on
reh'g). Public policy demands that any judge who sits in a case act with absolute impartiality. See
Pendergrass v. Beale, 59 Tex. 446, 447 (1883). Beyond this, our rules and judicial canons require
that a judge also appear to be impartial, so as not to call into question the fairness or integrity of the
court. See Tex. R. Civ. P. 18b(2)(a); Texas Code of Judicial Conduct, Canons 1 & 2. Even when
the circumstances giving rise to the question of impartiality are beyond the judge's volition or
control, judges and courts should be vigilant in protecting the integrity of our judicial system. The
rules do not require proof that a judge engaged in any biased or prejudicial conduct, but they do
require the judge to recuse himself if "his impartiality might reasonably be questioned." Tex. R. Civ.
P. 18b(2)(a) (emphasis added). Thus, the test is not our own subjective impression of the judge's
ability to discharge his duties in an impartial manner. Rather, the polestar is an objective assessment
of impartiality and the appearance of impartiality.

 Although the Court had written notice that I requested a response to the motion to
recuse, and that I would write in dissent if we were not to request a response, this Court proceeded
to deny the motion in a one sentence letter issued to the parties on October 8, 2008. In the absence
of a response, and given the uncontroverted facts in the State's motion to recuse, I come to this
decision reluctantly, but I must conclude that on this record Justice Waldrop's impartiality has
"reasonably be[en] questioned" and, for these reasons, I respectfully dissent from the denial of the
motion to recuse.


 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson, Puryear, Pemberton and Henson

Filed: December 31, 2008

Publish
1. Because of the unexplained reassignment of these cases and their apparent consolidation
before a different panel, I dissented from the Court's decision not to hear these appeals en banc.
2. It is questionable whether this communication satisfies the requirement of the rule. See
Tex. R. App. P. 16.3(b) (requiring certification). Black's Law Dictionary defines the term "certify"
to mean "to authenticate or verify in writing." See Black's Law Dictionary 220 (7th ed. 1999). At
least one court of appeals to consider the matter has held that the filing of a motion to recuse initiates
a "more formal process of consideration." See Williams v. Viswanathan, 65 S.W.3d 685, 687
(Tex. App.--Amarillo 2001, no pet.). In that case, the challenged Justice "certified the reasons why
he does not believe he should recuse himself to the two members of the court who are not the
subjects of the recusal motion and has stated in some detail his reasons for doing so." Id.; see also
Rogers v. Bradley, 909 S.W.2d 872, 873 (Tex. 2004) (Gammage, J.) (declaration of recusal).
3. Although the State has not sought to disqualify Justice Waldrop, this Court has previously
held that a judge is subject to disqualification if he advised a person who is not a named party, but
whose interests are so aligned with a named party that the one stands in place of the other. See
Williams v. Kirven, 532 S.W.2d 159, 160-61 (Tex. Civ. App.--Austin 1976, writ ref'd n.r.e.).
4. Cf. Tex. R. Prof. Conduct 1.06 (prohibiting lawyers from representing opposing sides in
the same litigation); 1.10(e) (regarding successive government and private employment and
prohibiting lawyer serving as public officer from participating in matter involving client that lawyer 
represented in private practice).
5. Rule 18b(5) provides that parties to a proceeding "may waive any ground for recusal after
it is fully disclosed on the record." Tex. R. Civ. P. 18b(5).