

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-19-00127-CV
_____

DOUGLAS A. DENTON, APPELLANT

V.

BILL WIGGINS, ADMINSTRATOR OF THE
ESTATE OF ESTHER ABELL DENTON, APPELLEE

On Appeal from the County Court
Midland County, Texas
Trial Court No. P14779; Honorable Marvin L. Moore, Presiding

September 23, 2020

## MEMORANDUM OPINION

Before PIRTLE, PARKER, and DOSS, JJ.

This appeal is the inevitable extension of a legal saga spanning four appeals, over fourteen years, in an estate matter in which Appellant, Douglas A. Denton, proceeding *pro se*, alleges errors in the estate's inventory, appraisement, and list of claims and in which he has declined to accept certain bequests from his mother's estate. After three

unsuccessful appeals in the Eleventh Court of Appeals, he now appeals from two more orders of the trial court: (1) an *Order Denying Douglas A. Denton's Motion for Declaratory Judgment Regarding the Rights of Douglas A. Denton to Review*, *Copy*, *and Possess the Records of the Administration of this Estate* and (2) an *Order Denying Douglas A. Denton's Plea to the Jurisdiction.*[1] Denton's "plea to the jurisdiction" was, in fact, a motion to constitutionally disqualify certain judges and have their orders declared null and void. By six issues in his original brief, Denton questions whether (1) Judge Marvin Moore committed reversible error in determining whether he had jurisdiction to rule on the plea to the jurisdiction; (2) the trial court erred in failing to file findings of fact and conclusions of law after they were properly requested; (3) the trial court improperly proceeded to judgment as a matter of law on his motion for declaratory judgment when there were disputed issues of material fact; (4) the trial court improperly proceeded to judgment as a matter of law on his plea to the jurisdiction when there were disputed issues of material fact; (5) the trial court unreasonably restricted discovery in relation to his plea to the jurisdiction; and (6) the trial court was biased in favor of Appellee, Bill Wiggins, and his counsel, and against him, which resulted in erroneous rulings and deprived him of due process of law. After Wiggins filed his original brief disputing Denton's contentions,

---

[1] Originally appealed to the Eleventh Court of Appeals, sitting in Eastland, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Eleventh Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

Denton filed a reply brief essentially reiterating the issues in his original brief.[2] We affirm in part and reverse and remand in part.

**BACKGROUND**

Esther Abell Denton, a widow, died in 2006. Her *Last Will and Testament* named four co-executors: her only child, Douglas A. Denton, her stepdaughter, Jo Denton Tuck, her great niece, Karen Wiggins Dowler, and her great nephew, Bill Wiggins. Although Denton is the primary beneficiary of his mother's estate, the will left real property, including mineral interests, in equal shares to Denton and Tuck. The residuary estate was left in trust for Denton. On February 9, 2006, the four co-executors applied for issuance of letters testamentary.

Several weeks later, Tuck, Dowler, and Wiggins filed an *Amended Application for Probate of Will and For Issuance of Letters of Administration with Will Annexed* requesting that Denton be deleted as an applicant and that Wiggins alone be appointed administrator of the estate due to conflicts with Denton. The applicants also requested that the trial court supervise the administration of the estate. At that time, Wiggins alone was appointed administrator.

In 2007, the original inventory of assets was filed and approved by the trial court. Later that year, Wiggins filed an application to distribute the oil and gas properties in equal

---

[2] The purpose of a reply brief is to elaborate on the original issues or to reply to an appellee's brief, not to restate arguments previously made. *See* TEX. R. APP. P. 38.3. *See also Mann v. Gabriel*, No. 11-10-00265-CV, 2012 Tex. App. LEXIS 5569, at *4 (Tex. App.—Eastland July 12, 2012, no pet.) (mem. op.).

shares to Denton and Tuck and a month later, he amended the application to request distribution to Tuck only because Denton did not wish to receive his share at that time.

In November 2009, Wiggins filed an application to distribute and to close the estate. The application provided that all debts had been paid, a federal estate tax return had been filed, and the Internal Revenue Service had issued a closing letter. The application also recited that Denton had refused distribution of his share of oil and gas interests and had refused to cash a check from the administrator for $578,629.54.

On December 3, 2009, Denton filed his objections to the original inventory on the ground that it omitted certain mineral interests and contained errors. He also objected to Wiggins's annual account from February 1, 2009, to January 31, 2010. He sought extensions to independently investigate the estate's interests.

Wiggins amended the inventory and annual account on August 10, 2010, and Denton continued with his objections. Later in 2010, Wiggins filed a supplemental application to distribute and close the estate noting that the amount of Denton's uncashed checks had grown to $698,512.33. Denton continued to oppose Wiggins's attempts to close the estate, and the expense of keeping the administration open began to deplete the residual estate which in turn was causing the residual trust to decline in value. On October 20, 2010, the trial court entered its *Order for Distribution and Closing of Estate*. Proceeding *pro se*, Denton filed an appeal challenging that order. *See In re Estate of Denton*, No. 11-10-00341-CV, 2012 Tex. App. LEXIS 6212 (Tex. App.—Eastland July 26, 2012, no pet.) (mem. op.) (affirming the trial court's order approving the amended and restated inventory and closing of the estate).

4

Subsequent to the disposition of his first appeal, Denton continued to resist the closing of the estate and has persisted in challenging the amended inventory, appraisement, and list of claims. In the course of dealing with the estate, the trial court entered various orders to which Denton took exception.[3] Again proceeding *pro se,* Denton filed his second appeal. *See In re Estate of Denton*, No. 11-14-00222-CV, 2014 Tex. App. LEXIS 12116 (Tex. App.—Eastland Nov. 6, 2014, no pet.) (mem. op.) (dismissing appeal on the ground the orders being appealed were interlocutory).

The dispute continued and on May 24, 2016, the trial court entered its *Order Closing Estate and Discharging Administrator*. Denton then filed his third *pro se* appeal, contesting that order. *See In re Estate of Denton*, No. 11-16-00239-CV, 2018 Tex. App. LEXIS 5736 (Tex. App.—Eastland July 26, 2018, no pet.) (mem. op.) (affirming the trial court's *Order Closing Estate and Discharging Administrator*).

Subsequent to the disposition of the third appeal, new filings by Denton have resulted in the current litigation. He now appeals the trial court's January 19, 2019 *Order Denying Douglas A. Denton's Plea to the Jurisdiction* and the order denying his motion for declaratory judgment.

---

[3] As listed in his notice of appeal, Denton attempted to appeal from the following rulings and orders of the trial court: the order granting the administrator's motion to quash a deposition and motion for protective order; the verbal ruling denying Denton's motion for continuance; the verbal ruling to not accept Denton's evidence of incomplete administration; the order granting the administrator's application to appoint a receiver for the Esther Denton Trust for Douglas A. Denton; the overruling, by operation of law, of Denton's motion for new trial with respect to the order appointing a receiver; and the overruling, by operation of law, of Denton's motion for new trial with respect to the order quashing a deposition and granting a protective order.

Although some of the issues overlap one another, for purposes of clarity, we will address the issues sequentially.

**ISSUE ONE—JURISDICTION TO RULE ON A PLEA TO THE JURISDICTION**

By his first issue, Denton contends Judge Marvin Moore committed reversible error by denying his plea to the jurisdiction. The plea to the jurisdiction was filed October 10, 2018, subsequent to judgment and opinion of the Eleventh Court of Appeals affirming the trial court's order closing the estate and discharging the administrator. By that plea, Denton alleged that Judge Alvin Walvoord, Judge William Morrow, and Judge Kyle Peeler, all judges who had presided over portions of the probate proceeding,[4] were constitutionally disqualified because they each had practiced law with "opposing counsel." Denton further alleged that "opposing counsel" had previously provided legal advice to the decedent and her late husband for forty years prior to her death, and that Judge Moore was also disqualified because all of the proceedings before him "presume and require the validity of prior proceeding before Judge Alvin Walvoord."

Citing to the Texas Constitution and Rule 18b(a)(2) of the Texas Rules of Civil Procedure, Denton contends Judge Moore "has a personal and pecuniary interest in the matters being decided in relation to [his] Plea to the Jurisdiction." TEX. CONST. art. V, § 11 (providing "No judge shall sit in any case wherein he may be interested . . . ."); TEX. R. CIV. P. 18b(a)(2). Wiggins responds by contending that because Denton never

---

[4] The plea to the jurisdiction alleged that Judge Walvoord presided over the probate proceeding from February 2006 until December 2010, signing "hundreds of orders" affecting the administration of the estate. The plea further alleged that Judge Morrow and Judge Peeler "were only minimally involved in this case," and that Judge Moore "purported to preside over this case . . . from January 2011 through the present."

specifically sought to disqualify Judge Moore, he was never subjected to the requirements of Rule 18b and, therefore, he was never disqualified from considering and ruling on his plea to the jurisdiction. Recognizing the distinction between a constitutional disqualification and statutory recusal, we find Judge Moore was not constitutionally disqualified, nor was he statutorily asked to recuse himself from the present proceeding.

Although the terms *disqualification* and *recusal* are often used interchangeably in appellate opinions or by attorneys who seek to remove a judge from a particular case, the two concepts are fundamentally different. Disqualification is of constitutional origin and it cannot be waived. *See Fry v. Tucker*, 146 Tex. 18, 202 S.W.2d 218, 221 (1947). As to proceedings before a disqualified judge, it has long been the settled rule of law in this State that any order or judgment that involves discretion and is entered by a constitutionally disqualified judge is "absolutely void" and is a "nullity." *Buckholts Indep. School Dist. v. Glaser*, 632 S.W.2d 146, 148 (Tex. 1982); *Comm'n for Lawyer Discipline v. Schaefer*, 364 S.W.3d 831, 836 (Tex. 2012). Article V, Section 11 has been interpreted to disqualify a judge where he has previously provided legal advice concerning the matter in dispute in the legal action pending before him as the contested judge. *Williams v. Kirven*, 532 S.W.2d 159, 161 (Tex. Civ. App.—Austin 1976, writ ref'd n.r.e.) (held trial judge was disqualified because he had previously provided one of the grantors in a contested deed a title opinion which dealt with title to the very tract in dispute). For a judge to be constitutionally disqualified for having "previously served as counsel," the issues and the parties currently before the judge must involve the same issues and parties as the prior proceeding in which the judge served in some capacity as counsel. *Hethcoat*

*v. Strain*, No. 11-07-00004-CV, 2007 Tex. App. LEXIS 7327, at *3-4 (Tex. App.—Eastland Sept. 6, 2007, no pet.) (mem. op.).

Here, Judge Moore never served as counsel to either party, in any capacity, at any time, and the mere fact that Judges Walvoord, Morrow, and Peeler may have practiced law in the same law firm as opposing counsel at some time in the past, does not give rise to a *per se* basis for disqualification unless it is shown that during such association, opposing counsel served as a lawyer in the matter in controversy. Because Denton has not established that Judge Moore was disqualified, nor has he established that Judges Walvoord, Morrow, and Peeler were disqualified, we find Judge Moore did not err, on the basis of being constitutionally disqualified, by denying Denton's plea to the jurisdiction.

By way of contrast, a recusal is a statutory process providing for the removal of a judge in those situations where that judge's impartiality might be reasonably questioned. The grounds for recusal are set forth in Rule 18b. *See* TEX. R. CIV. P. 18b(b)(1)-(8). Among others, those grounds include situations where (1) the judge's impartiality might reasonably be questioned; (2) the judge has a personal bias or prejudice concerning the subject matter or a party; (3) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding; (4) the judge or a lawyer with whom the judge previously practiced law has been a material witness concerning the proceeding; (5) the judge participated as counsel, advisor, or material witness in the matter in controversy, or expressed an opinion concerning the merits of it, while acting as an attorney in government service; (6) the judge knows that the judge, individually or as a fiduciary, or the judge's spouse or minor child residing in the judge's household, has a financial interest

8

in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding; (7) the judge or the judge's spouse, or a person within the third degree of relationship to either of them, of the spouse of such a person: (A) is a party to the proceeding or an officer, director, or trustee of a party; (B) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding; or (C) is to the judge's knowledge likely to be a material witness to the proceeding; and (8) the judge or the judge's spouse, or a person within the first degree of relationship to either of them, or the spouse of such a person is acting as a lawyer in the proceeding.

Here, Denton has never sought to recuse Judge Moore. Because grounds for recusal are subject to waiver if not timely asserted, Denton has waived any grounds for recusal as a basis for the removal of Judge Moore. As such, we find that Judge Moore did not err, on the basis of being subject to statutory recusal, by denying Denton's plea to the jurisdiction. Accordingly, we overrule issue one.

### ISSUE TWO—FAILURE TO FILE FINDINGS OF FACT AND CONCLUSIONS OF LAW

By his second issue, Denton contends that he was harmed by the trial court's failure to file findings of fact and conclusions of law after they were timely requested. We disagree.[5]

An appellate court reviews a trial court's ruling on a plea to the jurisdiction under a summary judgment rubric. *See Schmitz v. Denton County Cowboy Church*, 550 S.W.3d

---

[5] Pending before this court is Denton's *Motion to Abate This Appeal and Remand the Cause to the Trial Court to Obtain Findings of Fact and Conclusions of Law*. Our disposition of issue two renders his motion moot.

342, 352 (Tex. App.—Fort Worth 2018, pet. denied). Under that standard, a trial court is not authorized to grant a plea to the jurisdiction if there are genuine issues of material fact regarding jurisdiction because those issues must be resolved by a fact finder. *Id.* Therefore, in the context of a plea to the jurisdiction, "findings of fact are superfluous." *Id.* (citing Rebecca Simmons & Suzette Kinder Patton, *Plea to the Jurisdiction: Defining the Undefined*, 40 St. Mary's L.J. 627, 666-67 (2009)).

Relying on *Larry F. Smith, Inc. v. Weber Co.*, 110 S.W.3d 611 (Tex. App.—Dallas 2003, pet. denied), Denton argues the trial court's failure to make findings of fact was harmful to him and, thus, grounds for reversal. However, *Weber Co.* is inapplicable to the case at bar because it involved a trial on the merits, whereas, here, we are dealing with the denial of a plea to the jurisdiction as a matter of law. When there has been no conventional trial on the merits, findings of fact and conclusions of law are not proper. *See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441, 443 (Tex. 1997) (holding that when judgment is rendered as a matter of law, findings and conclusions serve no purpose and "should not be requested, made, or considered on appeal"). *See also Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (holding findings of fact and conclusions of law "have no place" in a summary judgment proceeding).

Because the trial court's ruling on Denton's plea to the jurisdiction was not the result of a conventional bench trial on the merits, no error was committed by the trial court's failure to issue filing findings of fact and conclusions of law. Issue two is overruled.

## ISSUE THREE—MOTION FOR DECLARATORY JUDGMENT

By his third issue, Denton maintains the trial court erred in denying his motion for declaratory judgment by which he sought a declaration that he had a right to review, copy, and possess the estate's original business records. Citing *Punts v. Wilson*, 137 S.W.3d 889, 891-92 (Tex. App.—Texarkana 2004, no pet.), he argues that as the decedent's heir, he is an interested party and Wiggins, as a fiduciary, has a duty to "fully, fairly, and honestly disclose to the beneficiaries all facts known to him" through the estate's original business records.

Wiggins contends Denton's third issue has no merit and should be overruled. In part, Wiggins's position is based on the fact that the same issue was raised and rejected by the Eastland Court of Appeals in Denton's previous appeal of the trial court's *Order Closing Estate and Discharging Administrator. See In re Estate of Denton*, 2018 Tex. App. LEXIS 5736, at *7 (Tex. App.—Eastland July 26, 2018, no pet.) (mem. op.) (stating "[Denton] also complains that Wiggins did not deliver the estate records after the entry of the order closing the estate. As noted by Wiggins, however, the pendency of *this* appeal has delayed the closing of the estate."). (Emphasis added). In that proceeding, the Eastland Court of Appeals affirmed the trial court's *Order Closing Estate and Discharging Administrator.* The issuance of mandate in *that* proceeding effectively "closed" the estate, triggering the obligation of the administrator of the estate to "deliver the property, books, and papers" of the estate to the persons entitled thereto. *See* TEX. EST. CODE ANN. § 351.102(b)(1) (providing that the "personal representative shall deliver the property, books, and papers . . . that are in the representative's possession to the person or persons legally entitled to" those items "when the administration of the estate is closed").

Without citation to any authority, Wiggins contends that the estate is not "finally closed" until "Denton stops filing pleadings and appeals." We disagree. A court of competent jurisdiction has entered a valid and enforceable order closing the estate and discharging Wiggins as personal representative of the estate. That order has been reviewed and affirmed on appeal, and mandate has issued. By clear statutory definition, the estate is closed. Therefore, if the books and records of the estate have not been delivered as required by section 351.102(b)(1) of the Texas Estates Code, Denton has a viable declaratory cause of action to seek the clarification and enforcement of that obligation. Because the trial court summarily denied declaratory relief without ruling on the merits of that claim, it erred. Issue three is sustained.

### ISSUE FOUR—EXISTENCE OF ISSUES OF FACT

By his fourth issue, Denton asserts the trial court erred in denying his plea to the jurisdiction where there were issues of material fact. He contends that his plea challenges the existence of jurisdictional facts because Judge Walvoord was disqualified from entering orders in the estate case.

A plea to the jurisdiction is a dilatory plea that challenges a trial court's authority to decide the subject matter jurisdiction of a specific cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Denton's primary complaint is that Judge Walvoord was disqualified from presiding over the estate and that the validity of the subsequent judicial orders issued in the administration of the probate proceeding all rest on the question of whether he had the jurisdictional authority to preside over the proceeding in the first place.

12

As we discussed with respect to issue one above, Article V, Section 11 of the Texas Constitution provides that "[n]o judge shall sit in any case . . . where the judge shall have been counsel in the case." TEX. CONST. art. V, § 11. Rule 18b(a)(1) of the Texas Rules of Civil Procedure provides that a judge is disqualified if "the judge served as a lawyer in the *matter in controversy*, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter." (Emphasis added). TEX. R. CIV. P. 18b(a)(1). In other words, a judge is disqualified when two prongs are met: (1) the judge or the judge's law firm was the lawyer for a party in the case and (2) the matter before the contested judge is the same matter that was before the judge or judge's law firm. *See In re L.M.B.*, No. 07-19-00147-CV, 2019 Tex. App. LEXIS 8420, at *10-11 (Tex. App.—Amarillo Sept. 17, 2019, no pet.) (mem. op.) (citation omitted).

Regarding the first prong for disqualification, the record shows that Judge Walvoord left the challenged law firm circa 1990, sixteen years before the decedent's death. Denton would have had to show that Judge Walvoord or someone at his firm represented a party in the estate case which did not even exist until February 2006, some sixteen years after Judge Walvoord had left his law firm. The second prong requires proof that the judge was involved in the "same matter in controversy." Assuming that Judge Walvoord represented the decedent or her husband between 1970 and 1990, such representation is not the "same matter in controversy"—i.e., the probate of the estate of Denton's mother.

Therefore, as a matter of law, Denton did not raise a fact issue on either prong for disqualification of Judge Walvoord. As such, the trial court did not err in denying Denton's plea to the jurisdiction. Issue four is overruled.

### ISSUE FIVE—RESTRICTION OF DISCOVERY

Denton contends by his fifth issue that the trial court committed reversible error by unreasonably restricting his discovery (in the form of testimony from Wiggins and members of the law firm that represented his mother for decades) in relation to his plea to the jurisdiction. He was seeking discovery related to representation of the distribution of his father's estate in 1972, in which his mother served as executrix.

The clerk's record contains a letter from Denton to the trial court expressing his intent to conduct discovery on his plea to the jurisdiction. However, after filing his plea, he did not avail himself of any of the tools of discovery, i.e., discovery requests, deposition notices, subpoenas, motions to compel, etc. Thus, the trial court did not restrict any attempt to conduct discovery. Issue five is overruled.

### ISSUE SIX—TRIAL COURT BIAS

By his sixth and final issue, Denton asserts the trial court was biased against him and it "effectively denie[d] him due process under law." Denton claims the trial court favored Wiggins and his counsel when it ordered that funds be transferred from his trust estate for administrative expenses presumably relating to prior appeals. He also rehashes previous complaints about the trial court's failure to file findings of fact and conclusions of law and its refusal to allow him to take the testimony of Wiggins.

14

Rule 18b(b)(2) of the Texas Rules of Civil Procedure provides that a judge's bias is a ground for recusal. TEX. R. CIV. P. 18b(b)(2). Rule 18a governs the procedure for recusing a judge. TEX. R. CIV. P. 18a. In *Lewis v. Ally Fin. Inc.*, No. 11-12-00290-CV, 2014 Tex. App. LEXIS 13004, at *6 (Tex. App.—Eastland Dec. 4, 2014, no pet.) (mem. op.), the court held that the appellant's attempt to recuse two judges in the trial court was waived for failure to follow procedure in filing motions to recuse.

Without citation to any legal authority, Denton alleges that bias may be raised at any time. Generally, a party waives error on a trial court's conduct if there is no timely objection. *Hous. Auth. of Dallas v. Rudd*, No. 05-19-00058-CV, 2020 Tex. App. LEXIS 4491, at *5 (Tex. App.—Dallas June 16, 2020, no pet.) (mem. op.). Only in very narrow cases can a complaint of judicial conduct be raised for the first time on appeal and only when a judge's bias is shown on the face of the record and is harmful. *Id.*

In all the years of litigation, Denton never filed a motion to recuse any judge for bias. The record does not contain any objections other than Denton's complaints about various rulings throughout the administration of the estate. The mere fact that a judge has ruled against a party is not evidence of bias. A party must show that any bias arose from an extrajudicial source and not from in-court rulings during the pendency of the proceedings. *Parker v. Cain*, No. 07-17-00211-CV, 2018 Tex. App. LEXIS 8387, at *3-4 (Tex. App.—Amarillo Oct. 15, 2018, pet. denied) (mem. op.) (citing *Grider v. Boston Co.*, 773 S.W.2d 338, 346 (Tex. App.—Dallas 1989, writ denied)). As such, Denton has waived any complaint based on perceived bias. Denton's sixth issue is overruled.

**CONCLUSION**

Having overruled issues one, two, four, five, and six, the *Order Denying Douglas A. Denton's Plea to the Jurisdiction* is affirmed. Having sustained issue three, the trial court's *Order Denying Douglas A. Denton's Motion for Declaratory Judgment Regarding the Rights of Douglas A. Denton to Review, Copy, and Possess the Records of the Administration of this Estate* is reversed and the cause is remanded to the trial court for further proceedings consistent with this opinion.


Patrick A. Pirtle
Justice